MONTEITH BROTHERS COMPANY *v.* DEPARTMENT OF TREASURY OF INDIANA ET AL.

[No. 27,200. Filed April 3, 1939.]

*Church & Chester,* for appellant.

*Omer S. Jackson,* Attorney General, and *Joseph P. McNamara,* Deputy Attorney General, for appellees.

TREMAIN, C. J.—The appellant filed this action in the court below against the appellees to enjoin the State of Indiana from collecting from appellant Gross Income Tax provided for by chapter 50, p. 388, of the 1933 Acts of the General Assembly of the State of Indiana (Secs. 64-2601 to 64-2629 Burns' Ind. St. 1933, §§15981 to 16010 Baldwin's Ind. St. 1934), amended by chapter 117, Acts 1937, p. 604.

It is alleged in the complaint that the appellant was duly incorporated in 1924; that after the passage of chapter 215, Acts 1929, p. 725, providing a more liberal means of incorporating under the laws of this state and granting privilege to corporations then in existence to reincorporate under the new law, the appellant did, on the 16th day of December, 1931, secure from the State of Indiana a new charter of reorganization under the act of 1929; that appellant at that time paid to the Treasurer of the state the fees prescribed and incurred upon the renewal of the corporation; that, after the reorganization was completed and the charter was issued to appellant, the State of Indiana enacted the Gross Income Tax Law of 1933, *supra.*

Appellant contends that the gross income tax is an excise or privilege tax. This fact is not questioned. Even though the tax is an excise or a privilege tax, it is inconceivable that it could in any manner affect the charter issued to appellant in 1931. That charter authorized appellant to engage in the business of "rewiring, repairing and rebuilding of armatures, generators and connecting rods for automobiles," in the name of and as a corporation. The appellant was granted no greater privilege in rewiring, repairing, etc., than was possessed by the incorporators before the charter was issued. The issuing of the charter merely created a new artificial person authorized to engage in that business. The incorporators paid the required fee at the time the charter was issued. If the gross income tax were an excise tax for the privilege of operating as a corporation, there would be some merit in appellant's contention, but it is not. It is not the right to rewire armatures that is granted by the charter, but the right to function as a corporation for that purpose.

The payment of taxes, either property or excise, constitutes no part of the transaction involving the granting of the charter. Under the Constitution the appellant, in common with other citizens, was and is liable for the payment of all legal taxes provided for by law. The charter confers no privileges upon the appellant in that behalf.

The question of impairment of contract is not involved, since the issuance of the charter and the levy of a tax, property or excise, are two wholly distinct and independent matters. Neither is in any way connected with the other.

There was no error in sustaining the demurrer to the complaint. The judgment is affirmed.